FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/3/2020 4:31 PM
CLERK OF THE COURT
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**Z.W., by and through his parents and**
**next friends, S.W. and P.W.;**

      **Plaintiff,**

**vs.**                                      **Case No.** D-202-CV-2020-02475

**JOHN HERRERA, in his individual**
**capacity; ALBUQUERQUE PUBLIC SCHOOL**
**DISTRICT;**

      **Defendants.**

                                            **JURY TRIAL REQUESTED**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, NEGLIGENCE, AND OTHER TORTIOUS CONDUCT

COMES NOW Plaintiff, by and through his parent and next friend, S.W., and by and through their counsel, Carolyn M. "Cammie" Nichols, Maggie H. Lane, and Kate S. Thompson of Rothstein Donatelli LLP, and brings the following causes of action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, *et seq.*:

### PARTIES

1.     Plaintiff Z.W. is a minor, and a resident of Bernalillo County, New Mexico.

2.     He brings this complaint through his parents and next friends, S.W. and P.W.

3.     Defendant Albuquerque Public Schools (*hereinafter* APS) is a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-3(B) and (C), as amended.  Under NMSA 1978, § 22-5-4(E), Defendant APS has the capacity to sue or be sued. Defendant APS is responsible for the administration of

EXHIBIT

A

public schools within its geographic boundaries.  Upon information and belief, at all times material hereto, Defendant APS received federal funding and financial assistance.  At times material hereto, Defendant APS employed Defendant Herrera.  Plaintiff's claims pursuant to the New Mexico Tort Claims Act against Defendant APS arise under NMSA 1978, § 41-4-6.  Under the New Mexico Tort Claims Act, Defendant APS is vicariously liable for the acts and omissions of Defendant Herrera.  At all times relevant, Defendant APS was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, including Defendant Herrera.  Defendant APS is a political subdivision of the State of New Mexico and a "person" under 42 U.S.C. § 1983.

4.      Defendant John Herrera (*hereinafter* Herrera), was, at times material hereto, employed by Defendant APS as a counselor for George I. Sanchez Collaborative Community School.  Upon information and belief, Defendant Herrera resides in Bernalillo County, New Mexico.  At all times material hereto, Defendant Herrera was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3(F), as amended. Defendant Herrera acted in the course and scope of his duties as an APS employee and under color of state and/or local law.  He is sued in his individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

5.      With respect to Plaintiff's New Mexico Tort Claims Act claims, the acts and omissions complained of herein all constitute a basis for liability against Defendant APS, within the scope of the waivers of immunity proscribed by the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, *et seq.*

## JURISDICTION AND VENUE

6.      The Second Judicial District Court has original jurisdiction over this matter under N.M. Const., Art. VI, § 13.

7.      Venue is proper in Bernalillo County under NMSA 1978, § 38-3-1(G), as this is the County in which Plaintiff resides.

## FACTUAL ALLEGATIONS

8.      At all times material hereto, Defendant Herrera was employed as a school counselor at the George I. Sanchez Collaborative Community School.

9.      George I. Sanchez Collaborative Community School is a public elementary school in Albuquerque, New Mexico operated by Defendant APS.

10.     Z.W. is a minor child.

11.     In April of 2018, Z.W. was attending fourth grade at George I. Sanchez Collaborative Community School.

12.     Z.W. was nine years old at the time of this incident.

13.     Z.W. was also slight in stature and build.

14.     On April 5, 2018, Z.W. was sitting at a table with his friends in the cafeteria during lunch.

15.     Defendant Herrera walked up behind Z.W., raised his leg, and struck out, kicking Z.W. in the back.

16.     The kick caused Z.W. to hit his chest on the table in front of him, spilling his lunch.

17.     Defendant Herrera got mad at Z.W. and told him to clean up his lunch.

18.     Z.W. then got up and hurried out of the cafeteria.

19.    Z.W. went to the front office of the school to report what had happened.

20.    The physical assault of Z.W. by Defendant Herrera was not provoked.

21.    This physical assault of Z.W. had no disciplinary objective.

22.    This physical assault of Z.W. was deliberate and malicious.

23.    Defendant Herrera injured Z.W. by kicking him in the back, causing significant pain as well as a red imprint of the struck area.

24.    This incident was investigated by an APS police officer.

25.    Upon information and belief, Defendant Herrera was suspended for the remainder of the school year.

26.    On December 17, 2019, Defendant Herrera was indicted on the charge of Child Abuse in violation of NMSA 1978 § 30-6-1(D), a third-degree felony, for his assault of Z.W. The criminal case *State of New Mexico v. John Herrera*, D-202-CR-2019-04060, is still pending.

RESULTING PHYSICAL AND PSYCHOLOGICAL TRAUMA

27.    Since this incident, Z.W. has complained of chest and back pain.

28.    Upon information and belief, Z.W. continued to suffer from chest and back pain as a result of the psychological trauma from the assault.

29.    Z.W. has also had trouble trusting adults at his school. Z.W. has had trouble feeling safe around adults at his school.

30.    Z.W. started counseling to address mental health issues he has been dealing with since and as a result of this incident. He had an initial evaluation session and is on the waitlist for counseling.

31.    After this incident, Z.W. would not sleep alone in his room and has only recently started to sleep more nights in his room.

32.     Z.W. does not want to stay at home with his older siblings. Instead, he insists on going with his parents everywhere.

33.     When Z.W. went to "Meet the Teacher" Day at George I. Sanchez Collaborative Community School on August 10, 2018, Defendant Herrera was present and approached Z.W. to speak to him.

34.     For multiple days afterwards, Z.W. was stressed and anxious and was afraid to return to school. Z.W. cried the whole way to school on his first day back to school.

NOTICE OF OCCURRENCE AND PSYCHOLOGICAL HARM TO Z.W.

35.     APS and George I. Sanchez Collaborative Community School had actual notice of the occurrence pursuant to NMSA 1978 § 41-4-16.

36.     Upon information and belief, Defendant APS pursued disciplinary action against Defendant Herrera for physically assaulting Z.W. Principal Sara Carrillo notified S.W. of the incident on or about the day of the incident. Additionally, APS law enforcement investigated this incident.

37.     Furthermore, Z.W.'s mother, S.W., sent several emails to the George I. Sanchez Collaborative Community School administration regarding the physical assault and Defendant Herrera's continued presence at George I. Sanchez Collaborative Community School.

38.     S.W. spoke to the principal of George I. Sanchez Collaborative Community School and on August 13, 2018, S.W. sent an email to Principal Sara Carrillo, stating that she had been informed that Defendant Herrera was not going to be returning to the school but that he approached Z.W. on August 10, 2018 during the Meet the Teacher Day. S.W. stated that her son was afraid to return to school and was anxious and stressed since seeing Defendant Herrera. S.W.

requested Mr. Herrera be transferred to another school immediately or she would pursue further action.

39.     On August 13, 2018, S.W. also emailed the George I. Sanchez Collaborative Community School's Principal Support Specialist Kenneth Salazar, also explaining the emotional and mental pain that the physical assault by Defendant Herrera and Defendant Herrera's continued presence at the school were causing Z.W.

40.     On or about August 14, 2018, S.W. emailed the APS Service Center, reiterating the assault on her son and that Defendant Herrera remained at the school, causing her son mental anguish. S.W. again requested that Defendant Herrera be removed from the school.

41.     On August 15, 2018, S.W. emailed the APS Superintendent, notifying the Superintendent that her son Z.W. was physically assaulted by Defendant Herrera at the end of the previous school year and was scared of Defendant Herrera. S.W. noted that the District Attorney's Office had a pending case against Defendant Herrera. S.W. stated that Defendant Herrera had approached Z.W. at the Meet the Teacher Day on August 10, 2018, and that caused Z.W. to be very afraid. She stated, as she had in her other emails, that Z.W.'s first day at school was terrifying and that he had cried the whole way to school. S.W. again requested that Defendant Herrera be transferred.

**APS PATTERN AND HISTORY OF FAILURE TO PROTECT STUDENTS FROM ABUSE**

42.     Upon information and belief, Defendant APS District has a pattern or history of failure to protect students from teacher abuse of students.

43.     The following are a non-exhaustive list of examples of this pattern or history of the Defendant APS's failure to protect students from abuse by APS employees.

a. Upon information and belief, in 2013 a sixth-grade student accused his principal of assaulting him.

b. Upon information and belief, in 2013, an APS high school teacher was accused and criminally charged with the sexual assault of a student.

c. Upon information and belief, in 2017, a nine-year-old student with a disability, when attempting to leave the classroom at an APS elementary school, was blocked by a teacher who then grabbed the student's arms and threw him to the floor.

d. Upon information and belief, in October of 2018, an APS high school teacher assaulted a Native American student by cutting her hair.

e. Upon information and belief, in 2019 there were reports made of widespread misuse and overuse of dangerous restraint techniques on APS students for multiple years.

f. Upon information and belief, a teacher was accused in a lawsuit, *Maria Maldonado Sanchez v. APS*, D-202-CV-2013-07749, of causing a student to hit his head on a bookshelf when the teacher suddenly pulled his chair out from under him.

g. Upon information and belief, a teacher was accused in a lawsuit, *N.F. v. APS et al.,* D-202-CV-2014-04654, of sexually assaulting a student, including allegations of prior physical assaults on students.

h. Upon information and belief, a teacher was accused in a lawsuit, *R.A. v. APS*, D-202-CV-2016-01511, of kicking a ball out from under a thirteen-year-old

student's feet, pushing him back into his seat, and then grabbing him and holding

his arms crossed across his chest.

    i.    Upon information and belief, a school bus driver was accused in a lawsuit,

*Raynard Struck et al. v. APS et al.*, D-202-CV-2017-05676, of sexually assaulting

students.

    j.    Upon information and belief, an APS coach was accused in a lawsuit, *Jennifer*

*Ortiz et al v. APS et al, D-202-CV-2018-01925*, of grabbing a child's neck and

viciously pushing his head after striking out in a baseball scrimmage and in

another incident, pushing him multiple times.

44.    Given this pattern and history of the Defendant APS failing to protect its students

from physical harm caused by APS employees, Defendant APS knew or should have known of

the danger and the danger of physical assault as described herein was foreseeable.

## COUNT I

**(Plaintiff's Claims Against Defendant Herrera Under 42 U.S.C. § 1983)**

45.    Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

46.    Plaintiff Z.W. has a right to bodily integrity under the Fourteenth Amendment to

the U.S. Constitution.

47.    Defendant Herrera deprived Z.W. of his substantive due process rights to bodily

integrity under the Fourteenth Amendment to the U.S. Constitution.

48.    Defendant Herrera deprived Plaintiff Z.W. of his Fourteenth Amendment rights to

substantive due process by physically, mentally, and emotionally abusing him.

49.    As a state actor, Defendant Herrera carried out, in an impermissible manner, the

functions assigned to him by Defendant APS.

50.     Defendant Herrera's actions caused severe physical and psychological harm to Z.W.

51.     The physical force applied by Defendant Herrera to Z.W. was disproportionate any need presented, unprovoked, unrelated to discipline or punishment.

52.     This physical force was a malicious abuse of official power and is shocking to conscience.

53.     Defendant Herrera's conduct was a direct and proximate cause of Plaintiff Z.W.'s physical and psychological injuries and resultant damages.

54.     Defendant Herrera's conduct was intentional, reckless, willful, and done with callous disregard for Plaintiff Z.W.'s constitutional rights.  As Defendant Herrera's conduct was motivated by malice or evil intent, Plaintiff Z.W. is entitled to recover awards of punitive and exemplary damages against Defendant Herrera in an amount to be determined at trial.

55.     The constitutional rights of Plaintiff Z.W. were clearly established and any reasonable teacher or staff member would have been aware that the use of such disproportionate force as described above would violate a child's right to substantive due process.

## COUNT II

**(Plaintiff's Claim Against Defendant APS Under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-6)**

56.     Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

57.     At all times material hereto, Defendant APS operated George I. Sanchez Collaborative Community School, which Z.W. attended.

58.     Defendant APS had the duty in any activity actually undertaken to exercise for the safety of others, including Z.W., that care ordinarily exercised by a reasonable, prudent, and qualified person in their position in light of the nature of what was being done.

9

59.     Defendant APS had a duty to Z.W. to exercise reasonable care in the maintenance and operation of George I. Sanchez Collaborative Community School, and to keep all of their educational campuses and premises in a safe condition.

60.     Physical assaults on students by employees of Defendant APS were, on the incident date, a danger of which Defendant APS knew or should have known.

61.     Defendant APS failed to exercise reasonable care in the maintenance of the premises in a safe condition.

62.     Defendant APS's duty to maintain and operate the premises of George I. Sanchez Collaborative Community School included the duty to train staff and enact procedures to handle, prevent, or obtain help for victims of violent assaults.

63.     Defendant APS failed to use ordinary care to protect Z.W. from the danger posed to him by Defendant Herrera.

64.     Defendant APS breached its duties of care towards Plaintiff Z.W.

65.     Defendant APS further breached its duties of care by failing to properly screen, hire, train, monitor, supervise and discipline employees of George I. Sanchez Collaborative Community School, such as Defendant Herrera, as well as by failing to enact or enforce appropriate policies, procedures and protocols concerning safety in student-teacher interactions, and by otherwise failing to take appropriate and reasonable supervisory actions to correct the potential problems and prevent the harm and injuries incurred by Plaintiff Z.W.

66.     Defendant APS is jointly and severally liable for all injuries and damages to Plaintiff Z.W. caused by the actions of its administrators and employees, including Defendant Herrera, pursuant to the doctrines of vicarious liability and *respondeat superior*.

67.    The above-described conduct of Defendant APS was a direct and proximate cause of the injuries to Plaintiff Z.W. and the resultant damages described herein.

**PRAYER FOR RELIEF**

68.    Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

69.    As a direct and proximate result of the wrongful and unlawful acts and omissions of all Defendants, as described above, Plaintiff Z.W. was injured and has suffered and continues to suffer damages, including, but not limited to: physical injury, severe emotional distress, anguish, suffering, humiliation, psychological injuries, indignities, loss of enjoyment of life, deprivation of constitutional rights, invasion of bodily integrity, and other incidental, consequential, and special damages.

70.    As a result of the above-described damages and injuries, Plaintiff Z.W. is entitled to recover an award of full compensatory damages against all Defendants in amounts to be determined at the trial of this cause.

71.    Plaintiff Z.W. requests damages in an amount sufficient to compensate him for all injuries and harm he has suffered, as well as punitive damages as provided by law, along with costs of this action, pre- and post- judgment interest as provided by law, reasonable attorneys' fees as provided by law, and such other and further relief as proves just.

72.    Plaintiff Z.W. requests a trial by jury on all issues so triable.

**JURY DEMAND**

73.    Plaintiff requests a trial by a six-person jury on all issues and counts so triable.

Respectfully submitted,


ROTHSTEIN DONATELLI LLP

*/s/ Kate S. Thompson 4/3/2020*
CAROLYN M. "CAMMIE" NICHOLS
MAGGIE H. LANE
KATE S. THOMPSON
500 4th St., NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443
cmnichols@rothsteinlaw.com
mhlane@rothsteinlaw.com
kthompson@rothsteinlaw.com
*Attorneys for Plaintiff Z.W.*

12