**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**Z.W., by and through his parents and
next friends, S.W. and P.W.;**

    Plaintiff,

v.                                                                         No. 20-CV-00525 NF-KHR

**JOHN HERRERA, in his individual
capacity; Albuquerque Public School
District;**

    Defendants.

**ORDER APPROVING SETTLEMENT
AND DISCHARGING GUARDIAN AD LITEM**

    **THIS MATTER** came before the Court on Plaintiff's Unopposed Motion to Approve Settlement Agreement filed September 30, 2021 (Doc. 95).

    Under New Mexico law, a federal court sitting in diversity must review the fairness of a settlement for any incapacitated litigants because New Mexico has no statutes or rules requiring the state's probate courts to review settlements for incapacitated litigants. *See, e.g., Mares-Moreno v. Singh,* 278 F. Supp. 3d 1223, 1236–42 (D.N.M. 2017).

    In reviewing the fairness of the proposed settlement, the following factors have guided my analysis:

> (1) whether the settlement terms were fairly and honestly negotiated; (2) whether serious questions of law or fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of a greater future recovery after protracted and expensive litigation; and, (4) whether the settlement is fair and reasonable in its effect.

*Schmidt v. Navistar, Inc.,* No. CV 18-321 KG/JFR, 2021 WL 1723012, at *1 (D.N.M. Apr. 12, 2021), *report and rec. adopted,* No. CV 18-321 KG/JFR, 2021 WL 1720902 (D.N.M. Apr. 30, 2021) (quoting *Ball v. DATS Trucking, Inc.*, Civ. No. 11-94 JB/WPL, Doc. 61 at 4 (D.N.M. filed Dec. 11, 2012) and citing *Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984)).

The Court has reviewed the relevant information, and all pleadings on the docket including the Report of the Guardian Ad Litem [Doc. 94, "GAL Report"]. The GAL Report summarizes the guardian ad litem Feliz A. Rael, Esq.'s investigation of the claims, evaluation of the damages suffered by the minor and her analysis of the adequacy of the settlement, including the amount of attorney fees charged. The proposed settlement includes a trust to be established for Z.W.'s benefit to hold the net settlement proceeds. Plaintiff's counsel has retained Susan Tomita, Esq. as a highly respected trust attorney to draft the trust documents; the GAL Report identifies the amount of attorney fees Ms. Tomita will charge, identifies Linda Murphree, CPA, to act as the initial trustee, and states the rates that Ms. Murphree currently charges for trustee services. The GAL Report further identifies the attorney fees to be paid to Plaintiff's counsel in this matter and finds they are reasonable and proper.

The guardian ad litem confirms that S.W. is conscious of her parental obligations to Z.W. and is aware that the trust cannot be used for ordinary parental obligations. Based on all the considerations stated in the GAL Report, the guardian ad litem finds the proposed

settlement fair and reasonable.  The GAL recommends that the Court approve the settlement.

The Court hereby finds that the settlement entered into by the parties herein is fair and reasonable, and that the distributions of proceeds are in the Plaintiff's best interest and should be approved and confirmed by the Court.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED:**

1. That the settlement herein was negotiated honestly and fairly, that serious questions of law and fact place the ultimate outcome of the litigation in doubt, that the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation, and that the settlement is fair and reasonable in its effect in light of Plaintiff's claims and damages, Defendants' defenses, the burdens of ongoing litigation, and the unpredictability of a jury trial.

2. The proposed distribution of the settlement proceeds as proposed in the Report of the Guardian Ad Litem [Doc. 94, at p. 6] is in all respects fair, proper, reasonable, and in the best interests of the Plaintiff Z.W.

3. That the funds to be disbursed to the Plaintiff will be reserved for his sole benefit and use.

4. The settlement is approved.

5. The agreed-upon amount distributed to Z.W. shall be held in a trust.

6. The Court further finds that under the circumstances presented, the proposed distribution set forth in the Report of the Guardian Ad Litem [Doc. 94] is in the minor child's best interest.

7. The Guardian Ad Litem is hereby discharged from all further duties.

**IT IS FURTHER ORDERED** that the parties shall file dismissal papers within thirty days.

DATED this 1st day of October, 2021.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE